## Canton Township Sanitary Authority v. Sanders

*Sanford S. Finder*, for plaintiff.
*Steven R. Wolf*, for defendants.

RODGERS, *J.*, November 5, 1986—The parties have agreed that the court shall decide this case as a question of law on the basis of stipulated facts.

According to the stipulation, plaintiff is a municipal authority and constructed sewers in Canton Township, including a section in front of the property owned by defendants; the assessment was for sewer improvements in front of defendants' property, which they continue to own; on August 2, 1978, a municipal claim was filed at no. 685 July term, 1978, M.L.D., in the court of common pleas of this

county; a suggestion and averment of nonpayment was filed at the M.L.D. number on June 24, 1983, within five years of the date of the filing of the original claim; the municipal claim and lien have not been reduced to judgment; on March 19, 1986, the authority filed an action in assumpsit based upon the municipal claim seeking·to enter judgment on the claim and lien, but not to impose personal liability; the amount claimed now is $1,076.82, together with interest from May 2, 1986, and five percent for attorneys' fees.

Defendants claim that the action is barred by the provisions of 53 P.S. §7251, which says;

"Any such action in assumpsit shall be commenced either within six years after the completion of the improvement from which said claim arises or within six years after the water or sewer rates or the cost of abating a nuisance first became payable."

Plaintiff, in its brief, states:

"Plaintiff is proceeding under that section (referring to section 3183 of the Municipal Claims Act of 1923, 53 P.S. §7183) but since there is no longer any writ of sci. fa., the method of reducing the lien or claim to judgment has to be by assumpsit."

The writ of sci. fa., contrary to plaintiff's claim, is alive and well. The City of Lebanon v. Theis, 26 D. & C. 3d 602 (1983). The constitutionality of the Municipal Claims Act has been upheld. Winpenny v. Krotow, 574 F.2d 176 (1978); Sager v. Burgess, 350 F. Supp. 1310 (E.D., Pa. 1972), summarily aff'd, 411 U.S. 941, 93 Sup. Ct. 1923 (1973). In the case cited by plaintiff, Coudriet v. Township of Benzinger, 49 Pa. Commw. 275, 41 A.2d 846 (1980), the township filed a municipal claim and caused a writ of scire facias sur municipal lien to issue against the property owners, who then filed an

affidavit of defense in accordance with the procedure prescribed by the Municipal Claims Act.

Plaintiff, authority, correctly notes that Pennsylvania R.C.P. 3190 abolishes the writ of levari facias, 53 P.S. §7278, of the Municipal Claims Act to enforce the judgment obtained on a municipal claim under the act.

The Goodrich-Amram 2d §3190:3 says this:

"The terms 'municipal claim' and 'tax claim' as used in Rule 3190 are technical terms defined by statute. As defined by the Municipal Claim Act of 1923, 'municipal claim' comprehends a whole host of matters dealing with work done and service supplied, including a claim filed to recover taxes. The Act sets forth the manner in which these various municipal claims, including the tax claim, must be reduced to judgment. Rule 3190 provides the method of enforcing such judgments."

Plaintiff, authority, is attempting to adapt the civil procedure now applicable to actions upon mechanics' liens, Pa.R.C.P. 1651 et seq. to actions upon municipal claims. Such civil procedural rules do not yet exist.

It is, therefore, clear that the present civil action which the parties have stipulated to be an action in assumpsit is barred by the statute of limitations set forth in the Municipal Claims Act, 53 P.S. §7251.


## ORDER OF THE COURT

And now, this November 5, 1986, the court's decision is in favor of defendants, Martin D. Sanders and Lourina D. Sanders, his wife, and against plaintiff, the Canton Township Sanitary Authority. Plaintiff's complaint is dismissed without prejudice to allowing plaintiff to pursue its statutory remedy.